UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JULIA SHAFFER, et al., | ) | CASE NO. 5:14 CV 2304 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| LCPZ CANTON, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. (Doc. No. 11.) The motion seeks the Court's approval of a settlement agreement resolving the plaintiffs' claims filed under the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq*. For the reasons that follow, the motion is granted and the settlement is approved

I.  BACKGROUND

In this action, filed October 15, 2014, plaintiffs Julia Shaffer and Leslie Frase allege that they are hourly non-exempt employees under the FLSA, and that defendant LCPZ Canton, Inc. failed to pay them overtime wages in violation of the FLSA.[1] (Compl., Doc. No. 1.) In its answer, defendant denies plaintiffs' allegations. (Answ., Doc. No. 4.)

---

[1] Plaintiff Shaffer also alleges that defendant terminated her employment in violation of Ohio Rev. Code § 4123.90.

On January 6, 2015, the Court conducted a telephonic Case Management Conference ("CMC") that was attended by counsel for plaintiffs and the defendant. Counsel informed the Court that settlement discussions had been undertaken and progress had been made toward resolving the case, however, defendant then determined that it wished to defend, rather than settle the case. (*See* Minutes of Proceedings January 6, 2015.) Ultimately counsel informed the Court that, subject to the approval of the Court, a settlement had been reached. (*See* Minutes of Proceedings January 9, 2015.) Thereafter, the parties filed the motion for Court approval of the settlement agreement now before the Court, and the settlement agreement is appended to the motion.

## II. DISCUSSION

### A. Applicable Law

The central purpose of the FLSA is to protect covered employees from labor conditions that are detrimental to maintaining a minimum standard of living necessary for the health and well-being of the workers. *Crawford v. Lexington-Fayette Urban County Gov.*, Civil Action No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202.) Public policy requires that the employee rights guaranteed by the FLSA are not compromised by settlement of a dispute alleging violation of those rights. *Id.*

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-08, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised

2

by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which the federal district court approves settlement of suits brought in federal court pursuant to Section 16(b) of the FLSA. *Id.* (citing *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n. 8, 66 S. Ct. 925, 90 L. Ed. 1114 (1946)).

When reviewing a settlement of plaintiffs' FLSA claims, the federal district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3).

The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

B. Analysis

In this case, plaintiffs maintain that they are hourly nonexempt employees who worked in excess of forty (40) hours a week and were not paid for all of the overtime hours they worked, and that defendant's biometric record-keeping system for hourly employees misreported and/or failed to report plaintiffs' hours worked. In addition, plaintiffs allege that they were not compensated for hours they worked "off-the-clock," and that defendant knew or had reason to know of their "off-the-clock" work. (See Compl., ¶¶ 14-17.) Defendant denies that it violated any provisions of the FLSA.

The Court finds that the instant action represents a bona fide dispute. The parties' divergent views of the facts, and defendant's earlier decision to defend rather than settle the case, causes the Court to conclude that the settlement was an arms-length negotiation between parties represented by competent counsel, was not the result of fraud or collusion, and would have required judicial resolution had the parties not been able to compromise their differences

The Court has reviewed the settlement agreement appended to the motion and finds that the settlement terms are a fair and reasonable resolution to the parties' bona fide dispute. Further, the Court concludes that the award of attorney fees to plaintiffs' counsel is reasonable given the early stage at which the case settled before fees and expenses associated with discovery, motion practice, and possibly a trial, were incurred. While the Court is not in a position to assess the likelihood of success on the merits because of the early stage at which this case has been resolved, the Court concludes that all of the other relevant factors weigh in favor of approving the settlement.

### III. CONCLUSION

For the foregoing reasons, the parties' joint motion is granted and the Court approves the settlement. The settlement agreement, appended to the parties' joint motion, shall remain sealed until further order of the Court.

**IT IS SO ORDERED**.

Dated: January 16, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**